KINSINGER (PULLAN v.). See Case No. 11,463.

KINSLEY (PENDLETON v.). See Case No. 10,922.

## Case No. 7,832.

### In re KINSMAN.

[1 N. Y. Leg. Obs. 309.]

District Court, S. D. New York. Dec. 24, 1842.

RESIDENCE OR PLACE OF BUSINESS.

The seventh section of the bankrupt act directs that all petitions by any bankrupt and all proceedings in the case shall be had in the district court within the district where the supposed bankrupt shall reside or have his place of business at the time when such petition is filed. To satisfy the provisions of the statute, it is not sufficient to show that the bankrupt is doing some kind of business at the place where he makes his application, his legal residence being in a different district, but it must appear that he has a fixed and notorious employment in such manner as to denote a place of business established by him distinct from his place of residence. Where, therefore, it appeared that the petitioner was a citizen of Pennsylvania, and had been for several years, and that he had resided there until within fourteen days of petitioning, and that he had come to the city of New York as agent to a machinist, and took up his board at a public hotel, held, that the petitioner had not established a place of business within the district at the time he presented his petitions.

[Followed in Re Magie, Case No. 8,951. Cited in Fogarty v. Gerrity, Id. 4,895.]

[In the matter of Israel Kinsman, a bankrupt].

J. F. Lippitt, for bankrupt.

G. Curtis, for creditors.

BETTS, District Judge. The petition of the bankrupt is objected to on the ground that he is a citizen of Pennsylvania, and not entitled to take proceedings in bankruptcy in this state. For the bankrupt it is contended that he is a citizen, or if not, that his place of business is in this district. The proofs show that the family of the petitioner are now residing in Philadelphia, and have been for several years past, and that he has also resided with his family until quite recently.

Between the beginning and middle of March last, the petitioner came to this city, employed as an agent for a machinist, and took board at a public hotel. He was after that seen occasionally engaged as such agent, and a witness transacted the business of his agency during his absence. The actual agency examined appears to have been that of superintending the erection of a building for the manufacture of lead, but the bankrupt in his petition describes himself "agent for machinist." His petition was sworn to and presented on the 22d day of March last. There is no positive proof of the time he came to the city in this employ other than from the beginning to the middle of March, and, if it is to be accepted that he was here as early as the 7th, he would then have been a fortnight within the district at the time his petition was presented.

The seventh section of the act directs that "all petitions by any bankrupt," &c., and all proceedings in the case, shall be had in the district court within the district where the supposed bankrupt shall reside or have his place of business at the time when such petition is filed. The controlling idea in this provision and others in the act is to restrict the jurisdiction of the district courts, and the privilege of bankrupts or their creditors, to residents within the district where the proceedings are conducted, rendering the jurisdiction strictly local as to parties. Residuity has become, in law, a term of fixed signification, and when used without other qualification, denotes an actual domicil and inhabitancy at the place in contra-distinction, to a mere temporary abode in lodging. In acting parlance, though not in a legal sense, a person could in the latter case be a resident. It was plain, however, that so limiting the action of this law might be productive of serious mischief. Merchants, mechanics, manufacturers, factors, &c., might become proper subjects for the application of the statute, whilst transacting business at places other than those at their fixed residence. A Northern merchant carrying on business for the Western service at Mobile or New Orleans, if committing an act of bankruptcy there, ought to be amenable to the jurisdiction of the court of that district, because his effects are there, and most probably the most pressing of his debts; and for the like reason such court should take cognizance of his voluntary application. Congress, accordingly, extended the jurisdiction of the district courts beyond the cases of residents to those wherein the bankrupt should be found to have his place of business within the district where the proceedings are taken. It could not be expected, however, that the charge of the general bearing of the law in respect to locality of jurisdiction should be so extended as to comprehend every case happening to fall within the general terms of the clause; for, to a certain sense, the place of the most transient stoppage, a mere purchase, a bar-

gain made by a man on his transit through a place would render it for the time being "his place of business." Persons resorting to market towns. to dispose of produce or make purchases would have in a literal acceptation their places of business there in conducting such transactions.

The law is to receive an interpretation more in consonance with its general import and object, and it must be understood to substitute "place of business" for residence, only in cases where the former became fixed and notorious, and affording similar privileges and protection to creditors and others in interest in bankrupt proceedings as the latter. It cannot therefore satisfy this provision of the law to prove the fact that the bankrupt is doing some kind of business at the place where he makes his application, his legal residence being in a different district. More must be shown. It must appear distinctly that he has a fixed and notorious employment pursued by him in such manner as to denote a place of business established by him, distinct from his place of residence. A fugitive or equivocal occupation, that may continue for a long period, or may terminate instantaneously, without any outward changes or indications calculated to mark its continuance or character, will not be sufficient to satisfy this provision of the law.

The petitioner describes himself "agent for machinist," it may be, for this city, and it may as well be for every district in the United States. For the period he is executing the agency here, New York may be his place of business, should he be there for an hour, or a year, and upon such reading of the statute it would be equally at his option, at any day of the year, to present his petition within any district of the United States within the reach of a day's travel. This, I am satisfied, is not the construction the clause ought to receive, and for the court is sufficient evidence in this case, that the petitioner had established a place of business within the district at the time he presented his petition. I shall allow the objections taken thereto.